# ORIGINAL



LODGED

JAN 3 0 2002

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY_____DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

FEB - 5 2002

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

1  MILBERG WEISS BERSHAD
     HYNES & LERACH LLP
2  WILLIAM S. LERACH (68581)
   KEITH F. PARK (54275)
3  EDWARD P. DIETRICH (176118)
   JAMES I. JACONETTE (179565)
4  401 B Street, Suite 1700
   San Diego, CA 92101
5  Telephone: 619/231-1058
   619/231-7423 (fax)
6

7  BARRACK, RODOS & BACINE
   STEPHEN R. BASSER (121590)
   MATTHEW P. MONTGOMERY (180196)
8  402 West Broadway, Suite 850
   San Diego, CA 92101
9  Telephone: 619/230-0800
   619/230-1874 (fax)

SCHIFFRIN & BARROWAY, LLP
RICHARD S. SCHIFFRIN
Three Bala Plaza East
Suite 400
Bala Cynwyd, PA 19004
Telephone: 610/667-7706
610/667-7056 (fax)

10
11  Co-Lead Counsel for Plaintiffs

NOTE CHANGES MADE BY THE COURT.

12       UNITED STATES DISTRICT COURT

13       CENTRAL DISTRICT OF CALIFORNIA

14              SOUTHERN DIVISION

15
16  In re PREMIER LASER SYSTEMS,      )  Master File No.
    INC. SECURITIES LITIGATION        )    SACV-98-388-AHS(EEx)
17  _____       )
                                      )  CLASS ACTION
18  This Document Relates To:         )
                                      )  [PROPOSED] ORDER
    ALL ACTIONS.                      )  PRELIMINARILY APPROVING
19                                    )  SETTLEMENT AND APPROVING
    _____       )  FORM AND MANNER OF NOTICE
20
21                    *New Dates:*
22              *Notice Date: Feb. 22, 2002*
23              *Objection Date: Mar. 22, 2002*
24              *Settlement Hearing: Apr. 22, 2002,*
25                      *at 11:00 a.m.*
26
27
28

ENTER ON ICMS

FEB - 7 2002

1    The Court has received the Amended Stipulation of Settlement (the "Amended
2  Stipulation"), dated as of May 30, 2001, that has been entered into by the
3  Representative Plaintiffs and Defendants.  The Court has reviewed the Stipulation
4  and its attached Exhibits, and, good cause appearing,

5    WHEREAS, the above-captioned consolidated action is pending before the
6  Court; and

7    WHEREAS, the parties having requested, pursuant to Federal Rule of Civil
8  Procedure 23(e), an order approving the settlement of this Litigation, in accordance
9  with the Amended Stipulation which, together with the Exhibits annexed thereto, sets
10  forth the terms and conditions for a proposed settlement of the Litigation and for
11  dismissal of the Litigation with prejudice upon the terms and conditions set forth
12  therein; and the Court having read and considered the Amended Stipulation and
13  Exhibits annexed thereto; and

14    WHEREAS, the Amended Stipulation provides for the conditional certification
15  of a Settlement Class for purposes of the settlement.

16    NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

17    1.    The Court, for purposes of this preliminary order, adopts all defined
18  terms as set forth in the Amended Stipulation.

19    2.    The Court finds the Representative Plaintiffs to be adequate
20  representatives under Federal Rule of Civil Procedure 23, for purposes of the
21  settlement.

22    3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure the Court
23  hereby certifies, for purposes of effectuating this settlement, a Settlement Class of all
24  persons (except Defendants, officers and directors of Premier Laser Systems, Inc.
25  ("PLS") during the Settlement Class Period, members of the immediate family of any
26  Individual Defendant, any entity in which any Defendant has a controlling interest,
27  and the legal representatives, heirs, successors or assigns of any such excluded party)
28  who purchased or otherwise acquired PLS common stock, Series A or B warrants or

1 publicly traded options during the period from May 5, 1997 through May 26, 1998,

2 excluding those Persons who previously timely and validly requested exclusion from

3 the Settlement Class pursuant to the previous Notice of Pendency and Proposed

4 Settlement of Class Actions sent to the Settlement Class commencing on or about

5 January 18, 2000.

6         4.     The Court preliminarily approves the settlement of the Litigation set

7 forth in the Amended Stipulation subject to the right of any Authorized Claimant to

8 challenge the fairness, reasonableness, and adequacy of the Amended Stipulation or

9 the proposed Plan of Allocation and to show cause, if any exists, why a final

10 judgment dismissing the Litigation based on the Amended Stipulation should not be

11 ordered herein after due and adequate notice to the Settlement Class has been given

12 in conformity with this Order.

13         5.     The Court approves as to form and content, Notice of Pendency and

14 Proposed Amended Settlement of Class Actions ("Class Notice"), substantially in the

15 form of Exhibit A-1 hereto.

16         6.     The certification of the Settlement Class shall be binding only with

17 respect to the settlement of the Class Actions.  If, for any reason, the Amended

18 Stipulation is terminated, or the Effective Date for any reason does not occur, the

19 certification of the Settlement Class shall automatically be vacated, and the Class

20 Actions shall proceed as though the Settlement Class had never been certified, and

21 Defendants may assert all objections to class certification.

22         7.     Pending resolution of these settlement proceedings, no other action now

23 pending or hereafter filed arising out of all or any part of the subject matter of the

24 Litigation shall be maintained as a class action and, except as provided by this or

25 further order of the Court, for good cause shown, all persons are hereby enjoined

26 during the pendency of these settlement proceedings from filing or prosecuting

27 purported class actions against any Released Person with respect to any of the

28 Released Claims.

1    8.    Plaintiffs' Settlement Counsel are authorized to act with respect to all

2    acts required by, or which may be given pursuant to, the Stipulation or such other acts

3    which are reasonably necessary to consummate the proposed settlement set forth in

4    the Stipulation.

5    9.    Plaintiffs' Settlement Counsel are hereby authorized to retain the firm of

6    Heffler, Radetich & Saitta, LLP as Claims Administrator to supervise and administer

7    the notice and claims procedures.

8    10.    Plaintiffs' Settlement Counsel shall cause the Claims Administrator to

9    send the Class Notice by first class mail to all Persons who have submitted valid

10    Proof of Claim and Release Forms pursuant to the prior Stipulation. The mailing of

11    the Notice shall be on or before _Feb. 22_, 2002 (the "Notice Date"). Plaintiffs'

12    Settlement Counsel shall file with the Court and serve upon Defendants' counsel no

13    later than seven (7) days prior to the Settlement Hearing an affidavit or declaration

14    describing the efforts taken to comply with this Order and stating that the mailings

15    have been completed in accordance with the terms of this Order.

16    11.    The Court finds that dissemination of the Notice and Proof of Claim in

17    the manner required by ¶10 constitute the best notice practicable under the

18    circumstances to Settlement Class Members and meet the requirements of Rule 23 of

19    the Federal Rules of Civil Procedure, due process under the United States

20    Constitution, and any other applicable law and shall constitute due and sufficient

21    notice to all persons entitled thereto.

22    12.    Class members who wish to exclude themselves from the Settlement

23    Class must do so in accordance with the instructions contained in the Notice. All

24    persons who have previously submitted or who submit valid and timely Requests for

25    Exclusion shall have no rights under the Stipulation, shall not share in the distribution

26    of the Settlement Fund, and shall not be bound by the Stipulation or the Final

27    Judgment. All members of the Settlement Class shall be bound by all determinations

28    and judgments in the Litigation concerning the settlement, whether favorable or

1   unfavorable.   Upon the Effective Date of the settlement, all Settlement Class

2   Members, whether or not they have filed a Proof of Claim within the time period for

3   shall be enjoined and barred from asserting any of the Released Claims against any

4   of the Released Persons, and each such Settlement Class Member shall be deemed to

5   release any and all such Released Claims as against all of the Released Persons.

6         13.   Any Authorized Claimant who objects to the settlement of the Litigation

7   or the application of counsel for attorneys' fees and expenses shall have a right to

8   appear and be heard at the Settlement Hearing.   Any Authorized Claimant may enter

9   an appearance through counsel of such member's own choosing and at such member's

10  own expense or may appear on their own.   However, no Authorized Claimant shall

11  be heard at the Settlement Hearing unless, on or before _Mar. 22_, 2002, such

12  person has filed with the Court and delivered to Plaintiffs' Settlement Counsel and

13  Defendants' counsel a written notice of objection, and their grounds for opposing the

14  settlement or application for attorneys' fees, costs and expenses, along with proof of

15  membership in the Settlement Class.   The manner in which a notice of objection must

16  be prepared, filed, and delivered shall be stated in the Notice.   Only Authorized

17  Claimants who have filed and delivered valid and timely written notices of objection

18  will be entitled to be heard at the Settlement Hearing unless the Court orders

19  otherwise.

20        14.   The Court authorizes payment out of the Notice and Administration

21  Fund of the expenses described in ¶3.5 of the Amended Stipulation.   After the

22  Effective Date, the notice and administration costs payable out of the Settlement Fund

23  may be disbursed without the necessity of a court order in accordance with ¶3.6 of the

24  Stipulation.

25        15.   A Settlement Hearing will be held on _Apr. 22_, 2002, at _11:00_

26  _a_.m., before this Court in the United States Courthouse, Central District of California,

27  Southern Division, to determine whether the proposed settlement of the Litigation as

28  set forth in the Stipulation, should be approved as fair, just, reasonable and adequate

1   as to the Settling Parties, and whether the Final Judgment approving the settlement
2   should be entered.  The Court may adjourn or continue the Settlement Hearing
3   without further notice to Settlement Class Members.

4       16.    The passage of title and ownership of the Settlement Fund to the Escrow
5   Agent in accordance with the terms of the Stipulation is approved.  No Person that is
6   not an Authorized Claimant or counsel for the Representative Plaintiffs shall have any
7   right to any portion of, or in the distribution of, the Settlement Fund unless otherwise
8   ordered by the Court or otherwise provided in the Stipulation.

9       17.    All funds held by the Escrow Agent shall be deemed and considered to
10  be in *custodia legis* of the Court in accordance with the Stipulation, and shall remain
11  subject to the jurisdiction of the Court, until such time as such funds shall be
12  distributed pursuant to the Stipulation, Plan of Allocation and/or further order(s) of
13  the Court.

14      18.    At or after the Settlement Hearing, the Court will determine whether the
15  application of Representative Plaintiffs' counsel for an award of attorneys' fees, costs
16  and expenses should be approved.

17      19.    Neither Defendants nor Defendants' counsel shall have any responsibility
18  for the Plan of Allocation of the Settlement Fund submitted by Plaintiffs' Settlement
19  Counsel.

20      20.    No later than seven (7) days before the Settlement Hearing, all briefs
21  supporting the settlement and the request for attorneys' fees, costs and expenses, shall
22  be served and filed.

23      21.    Neither the Stipulation, nor any of its terms or provisions, nor any of the
24  negotiations or proceedings connected with it, shall be construed as an admission or
25  concession by Defendants of the truth of any of the allegations in the Litigation, or
26  of any liability, fault, or wrongdoing of any kind, or by the Representative Plaintiffs
27  or any other Member of the Settlement Class of the merit of any defense or lack of
28  merit of any claim.

1      22.   The Court may, for good cause, extend any of the deadlines set forth in

2  this Order without further notice to Settlement Class Members.

3      IT IS SO ORDERED.

4

5  DATED: __**FEB -5 2002**__

6                   THE HONORABLE ALICEMARIE H. STOTLER
UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  N:\CASES\PREMIER.SET\DLM84502.e-a

- 6 -

1
MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
2
WILLIAM S. LERACH (68581)
KEITH F. PARK (54275)
3
EDWARD P. DIETRICH (176118)
JAMES I. JACONETTE (179565)
4
401 B Street, Suite 1700
San Diego, CA 92101
5
Telephone: 619/231-1058
619/231-7423 (fax)
6

7
BARRACK, RODOS & BACINE
STEPHEN R. BASSER (121590)
8
MATTHEW P. MONTGOMERY (180196)
402 West Broadway, Suite 850
9
San Diego, CA 92101
Telephone: 619/230-0800
619/230-1874 (fax)
10

                           SCHIFFRIN & BARROWAY, LLP
                           RICHARD S. SCHIFFRIN
                           Three Bala Plaza East
                           Suite 400
                           Bala Cynwyd, PA 19004
                           Telephone: 610/667-7706
                           610/667-7056 (fax)

11
Co-Lead Counsel for Plaintiffs

12
UNITED STATES DISTRICT COURT

13
CENTRAL DISTRICT OF CALIFORNIA

14
SOUTHERN DIVISION

15

16
In re PREMIER LASER SYSTEMS,
INC. SECURITIES LITIGATION

      ) Master File No.
      )  SACV-98-388-AHS(EEx)
      )

17
This Document Relates To:

      ) CLASS ACTION
      )

18
ALL ACTIONS.

      ) NOTICE OF PENDENCY AND
      ) PROPOSED AMENDED
      ) SETTLEMENT OF CLASS
      ) ACTIONS

19

20

21

22

23

24

25

26

27

28
EXHIBIT A-1

TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED PREMIER LASER SYSTEMS, INC. ("PLS") COMMON STOCK, SERIES A OR B WARRANTS OR PUBLICLY TRADED OPTIONS DURING THE PERIOD FROM MAY 5, 1997 THROUGH AND INCLUDING MAY 26, 1998

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.

PLEASE NOTE:  YOU PREVIOUSLY RECEIVED A NOTICE WHICH DESCRIBED A SETTLEMENT OF THIS LITIGATION.  BECAUSE OF PLS' BANKRUPTCY AND THE OTHER EVENTS DISCUSSED BELOW, THIS SETTLEMENT HAS BEEN AMENDED AND THIS NOTICE DESCRIBES THE AMENDED TERMS.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an order of the United States District Court for the Central District of California, Southern Division (the "Court").  The purpose of this Notice is to inform you of the proposed amended settlement of this class action litigation and of the hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the amended settlement.  This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation or the merits of the claims or defenses asserted.  This Notice describes the rights you may have in connection with the settlement and what steps you may take in relation to the settlement and this class action litigation.

I.     SUMMARY AND POTENTIAL OUTCOME OF CASE

The proposed settlement creates a fund in the amount of approximately $2.7 million in cash and 3.0 million shares of PLS common stock.  Based on the number of shares, warrants and options represented by the claims which have been submitted by class members, and assuming no distribution to class members from the PLS

1  Bankruptcy on account of the 3 million PLS shares which are part of the Settlement
2  Fund (as further described below), the average distribution per security will be
3  approximately $0.22 before deduction of Court-approved fees and expenses.
4  However, your actual recovery from this fund could vary substantially from this
5  average and will depend on a number of variables including when you purchased your
6  PLS securities, whether or not a distribution is made from the PLS Bankruptcy to
7  class members on account of the 3.0 million shares of PLS stock to be contributed to
8  the settlement.  PLS has characterized such a distribution as "remote."

9         Plaintiffs and Defendants do not agree on the average amount of damages per
10  share, warrant or option that would be recoverable if plaintiffs were to have prevailed
11  on each claim alleged.  The issues on which the Parties disagree include: (1) the
12  appropriate economic model for determining the amount by which PLS securities
13  were allegedly artificially inflated (if at all) during the Class Period; (2) the amount
14  by which PLS' securities were allegedly artificially inflated (if at all) during the Class
15  Period; (3) the effect of various market forces influencing the trading price of PLS'
16  securities at various times during the Class Period; (4) the extent to which external
17  factors, such as general market conditions influenced the trading price of PLS'
18  securities at various times during the Class Period; (5) the extent to which the various
19  matters that plaintiffs alleged were materially false or misleading influenced (if at all)
20  the trading price of PLS' securities at various times during the Class Period; (6) the
21  extent to which the various allegedly adverse material facts that plaintiffs alleged
22  were omitted influenced (if at all) the trading price of PLS' securities at various times
23  during the Class Period; (7) whether the statements made or facts allegedly omitted
24  were material or otherwise actionable under the federal securities laws; and (8) the
25  entitlement of the class on the one hand and PLS on the other to the insurance
26  proceeds which are funding this settlement.

27         Plaintiffs believe that the proposed settlement is a good recovery under the
28  circumstances and is in the best interests of the class.  Because of the risks associated

9

1   with continuing to litigate and proceeding to trial, there was a danger that plaintiffs
2   would not have prevailed on any of their claims, in which case the class would
3   receive nothing.  For example, plaintiffs faced the possibility that all or many of the
4   claims in this case could have been dismissed.  In addition, the amount of damages
5   recoverable by the class would have been subject to rigorous attack by Defendants.
6   Recoverable damages are limited to losses caused by conduct actionable under
7   applicable securities laws and, had the litigation gone to trial, Defendants intended
8   to prove that all or most of the losses of class members were caused by non-
9   actionable market, industry or general economic factors.  Finally, there was a serious
10  dispute as to whether the class was entitled to any of the proceeds of PLS' directors'
11  and officers' liability insurance proceeds which was the only source of cash available
12  to fund this settlement.

13      Plaintiffs' counsel have not received any payment for their services in
14  prosecuting this case on behalf of plaintiffs and members of the class, nor have they
15  been reimbursed for their out-of-pocket expenses.  If the settlement is approved by
16  the Court, counsel for the plaintiffs will apply to the Court for attorneys' fees of 25%
17  of the Settlement Fund plus reimbursement of out-of-pocket expenses not to exceed
18  $285,000.00 to be paid from the settlement proceeds.  If the amount requested by
19  counsel is approved by the Court, the average cost per security would be $0.08.

20      For further information regarding this settlement you may contact:  Rick
21  Nelson, Milberg Weiss Bershad Hynes & Lerach LLP, 401 B Street, Suite 1700, San
22  Diego, California 92101, Telephone: 619/231-1058.

23

24  **II.   NOTICE OF HEARING ON PROPOSED SETTLEMENT**
25      A hearing will be held on _____, 2002, at ____ __.m., before the
26  Honorable Alicemarie H. Stotler, United States District Judge, at the Ronald Reagan
27  Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana,
28  California 92701 (the "Settlement Hearing").  The purpose of the Settlement Hearing

1    will be to determine: (1) whether the settlement consisting of approximately $2.7

2    million in cash plus accrued interest, and 3.0 million shares of PLS stock should be

3    approved as fair, just, reasonable and adequate; (2) whether the application by

4    plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses

5    should be approved; and (3) whether the Litigation should be dismissed with

6    prejudice. The Court may adjourn or continue the Settlement Hearing without further

7    notice to the Settlement Class.

8

9    **III.   DEFINITIONS USED IN THIS NOTICE**

10          1.      "Defendants" means PLS, Colette Cozean, Michael L. Hiebert, Patrick

11   J. Day, Grace Ching-Hsin Lin, E. Donald Shapiro, T. Daniel Caruso, Jr., Ronald

12   Higgins, Richard Roemer, and Glenn Lynn Powell.

13          2.      "Individual Defendants" means each of the Defendants excluding PLS.

14          3.      "Related Parties" means each of any Defendants' past, present or future

15   directors, officers, employees, partnerships and partners, principals, agents,

16   underwriters, syndicate members, controlling shareholders, any entity in which any

17   Defendant and/or any member(s) of that Defendant's immediate family has or have

18   a controlling interest, attorneys, accountants, auditors, banks, investment banks or

19   investment bankers, advisors, personal or legal representatives, insurers, co-insurers

20   and reinsurers, predecessors, successors, parents, subsidiaries, divisions, joint

21   ventures and joint venturers, assigns, spouses, heirs, executors, administrators,

22   associates, related or affiliated entities, any members of an Individual Defendant's

23   immediate family, or any trust of which any Defendant is the settlor or which is for

24   the benefit of any Individual Defendant and/or member(s) of his or her family.

25          4.      "Released Claims" means any and all claims, including "Unknown

26   Claims" defined below, actions, demands, rights, liabilities, and causes of action of

27   every nature and description whatsoever, known or unknown, asserted or that could

28   or might have been asserted in any pleading or amended pleading by the

- 4 -

11

1   Representative Plaintiffs, or by any of the other Settlement Class Members, or any of
2   them against the Released Persons, based upon, arising from, or in any way related
3   to both the purchase or other acquisition of PLS common stock, Series A or B
4   warrants, or publicly traded options by the Representative Plaintiffs or the other
5   Settlement Class Members during the Settlement Class Period and the facts,
6   transactions, events, occurrences, disclosures, statements, acts or omissions or failures
7   to act which were or could or might have been alleged in the Litigation.

8          5.     "Released Persons" means each and all of the Defendants, and their
9   respective Related Parties.

10         6.     "Settlement Class" means all persons (except Defendants, officers and
11  directors of PLS during the Settlement Class Period, members of the immediate
12  family of any Individual Defendant, any entity in which any Defendant has a
13  controlling interest, and the legal representatives, heirs, successors or assigns of any
14  such excluded party) who purchased or otherwise acquired PLS common stock, Series
15  A or B warrants or publicly traded options during the period from May 5, 1997
16  through May 26, 1998, excluding those Persons who timely and validly requested
17  exclusion from the Settlement Class pursuant to the prior Notice which described the
18  prior settlement.

19         7.     "Unknown Claims" means any Released Claims which any
20  Representative Plaintiff or any other Settlement Class Member does not know or
21  suspect to exist in his, her or its favor at the time of the release of the Released
22  Persons which, if known by him, her or it, might have affected his, her or its
23  settlement with and release of the Released Persons, or might have affected his, her
24  or its decision not to object to this settlement. With respect to any and all Released
25  Claims against the Released Persons, the Parties stipulate and agree that, upon the
26  Effective Date, the Representative Plaintiffs shall expressly and the other Settlement
27  Class Members shall be deemed to have, and by operation of the Judgment shall have,
28  expressly waived and relinquished, to the fullest extent permitted by law, the

1  provisions, rights, and benefits of §1542 of the California Civil Code, which

2  provides:

3        A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS

4        WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO

5        EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE

6        RELEASE, WHICH IF KNOWN BY HIM MUST HAVE

7        MATERIALLY AFFECTED HIS SETTLEMENT WITH THE

8        DEBTOR.

9  With respect to any and all Released Claims against the Released Persons, each of the

10  Representative Plaintiffs and the other Settlement Class Members shall be deemed to

11  have, and upon the Effective Date and by operation of the Judgment shall have,

12  waived any and all provisions, rights and benefits conferred by any law of any state

13  or territory of the United States, or principle of common law, or of international or

14  foreign law, which is similar, comparable or equivalent to §1542 of the California

15  Civil Code.  Each of the Representative Plaintiffs and the other Settlement Class

16  Members may hereafter discover facts in addition to or different from those which he,

17  she or it now knows or believes to be true with respect to the Released Claims, but

18  hereby stipulate and agree that each Representative Plaintiff does and each other

19  Settlement Class Member shall be deemed to, upon the Effective Date and by

20  operation of the Judgment shall have, fully, finally, and forever settled and released

21  any and all Released Claims against the Released Persons, known or unknown,

22  suspected or unsuspected, contingent or non-contingent, whether or not concealed or

23  hidden, which now exist, or heretofore have existed, upon any theory of law or equity

24  now existing or coming into existence in the future, including, but not limited to,

25  conduct which is negligent, intentional, with or without malice, or a breach of any

26  duty, law or rule, without regard to the subsequent discovery or existence of such

27  different or additional facts.  The Settling Parties have acknowledged that the

28

13

1 foregoing waiver was bargained for and a key element of the settlement of which this
2 release is a part.

3

4 **IV.    THE LITIGATION**

5      **A.    The Class Actions**

6           On and after May 1, 1998, the following class actions were filed in the United
7 States District Court for the Central District of California, Southern Division (the
8 "Court"):

9                                              <u>Case Number</u>

10 *Valenti v. Cozean, et al.*                    98-388-AHS(EEx)

11 *Goldenberg, et al. v. Premier*                98-408-LHM(ANx)
   *Laser Systems, Inc., et al.*
12
   *Kahn v. Premier Laser Systems,*              98-412-AHS(EEx)
13 *Inc., et al.*

14 *Cadrain v. Premier Laser Systems,*            98-432-AHS(EEx)
   *Inc., et al.*
15
   *Corcoran, et al. v. Premier*                 98-435-AHS(EEx)
16 *Laser Systems, Inc., et al.*

17 *San Andres v. Premier Laser*                  98-433-GLT(EEx)
   *Systems, Inc., et al.*
18
   *Mahoney v. Cozean, et al.*                   98-507-AHS(EEx)
19
   *Goldstein v. Cozean, et al.*                 98-540-AHS(EEx)
20
   *Lizar v. Cozean, et al.*                     98-547-AHS(EEx)
21
   *Fitzmaurice v. Premier Laser*                98-541-AHS(EEx)
22 *Systems, Inc., et al.*

23 *Young, et al. v. Premier*                     98-4267-HLH(CTx)
   *Laser Systems, Inc., et al.*
24
   *Renkey v. Premier Laser*                     98-457-AHS(EEx)
25 *Systems, Inc., et al.*

26 *Row International, Inc., et al.*              98-481-AHS(ANx)
   *v. Cozean, et al.*
27
   *Merlock v. Premier Laser Systems*            98-4773-CM(AIJx)
28 *Inc., et al.*

- 7 -

**1 4**

1 | *Margolis v. Premier Laser Systems*          98-4774-MMM(RNBx)
    *Inc., et al.*

2

3 | *Sonnenklar v. Premier Laser*               98-529-LHM(EEx)
    *Systems, Inc., et al.*

4 | *Wiesner v. Premier Laser Systems*          98-5001-AAH(MANx)
    *Inc., et al.*

5

6    On or about October 27, 1998, the following class action was filed in the

7    United States District Court for the Central District of California, Western Division:

8 | *Frontenac VI Limited Partnership*          98-7880-CBM(ANx)
    *v. Premier Laser Systems, Inc., et al.*

9    The above actions are referred to hereinafter as the "Federal Class Actions."

10    On and after June 26, 1998, the following class actions (the "State Class

11    Actions") were filed in the Superior Court of the State of California, County of

12    Orange (the "State Court"):

13 | *Kahn, et al. v. Premier Laser Systems,*     795909
     *Inc., et al.*

14

15 | *Edge v. Cozean, et al.*                    796179

    *Assink, et al. v. Premier*                 796692
16 | *Laser Systems, Inc., et al.*

17    These actions (collectively the "Class Actions") allege violations of §§10(b), 20(a)

18    and 20A of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-

19    5 promulgated thereunder, §11 of the Securities Act of 1933 ("Securities Act"),

20    California Corporations Code §§1507, 25400 and 25500 and California Civil Code

21    §§1709-1710 on behalf of all persons who purchased or otherwise acquired the

22    common stock, Series A or B warrants or the publicly traded options of PLS from

23    May 5, 1997 through May 26, 1998 (the "Class Period"), excluding the Defendants,

24    members of their families and any entity in which a Defendant has an interest.

25    The Class Actions allege that, during the Class Period, Defendants

26    misrepresented the demand for PLS' newly FDA approved laser-based product, the

27    Centauri Er:YAG, a purportedly "pain free" tooth decay removal system, while they

28    concealed that significant problems plagued PLS' ability to manufacture and market

1  this product in quantities large enough to generate the level of sales and profits

2  forecasted.        Representative   Plaintiffs   claim   that   Defendants'   alleged

3  misrepresentations and omissions regarding these matters caused the price of PLS

4  securities to be artificially inflated to the damage of members of the class.

5         The Class Actions are collectively referred to herein as the "Litigation."

6         **B.    The Derivative Actions**

7         On July 24, 1998, a derivative action entitled *Eskeland v. Cozean, et al.*, Case

8  No. 797326, was filed in the State Court (the "Derivative Action").  In addition, the

9  Consolidated Amended Complaint filed in the Federal Court on October 27, 1998,

10 also contains claims on behalf of PLS derivatively.  The Derivative Action alleges

11 claims for breach of fiduciary duty, constructive fraud, and gross mismanagement and

12 arises out of the same set of facts as the Class Actions.

13        **C.    Prior Proceedings Related to Settlement**

14        By Stipulation of Settlement dated as of November 18, 1998, the parties hereto

15 reached an agreement to settle the Litigation for a combination of cash and stock to

16 be paid for the benefit of the Settlement Class.  By a separate Stipulation of

17 Settlement the parties also agreed to settle the Derivative Action.  The effectiveness

18 of these settlements was cross-conditioned; *i.e.*, the effectiveness of the settlement of

19 the Litigation was conditioned on the effectiveness of the settlement of the Derivative

20 Action and *vice versa*.

21        On February 28, 2000, after a hearing on notice to the class, the prior

22 settlement of the Litigation was approved by the Court.  However, on March 10,

23 2000, before the settlement of the Derivative Action could be approved by the State

24 Court, Premier Laser Systems, Inc. ("PLS," the "Company" or the "Debtor") filed a

25 voluntary petition under Chapter 11 of the Bankruptcy Code.  This filing effectively

26 stayed the prosecution or resolution of the Litigation and the Derivative Action.

27        Subsequently, the Debtor removed both the Litigation and the Derivative

28 Action to the United States Bankruptcy Court for the Central District of California,

16

1  Southern Division (the "Bankruptcy Court"). The Debtor has taken the position that,

2  by virtue of the Chapter 11 filing, the claims asserted in the Derivative Action were

3  vested in it and further advised counsel to the plaintiffs in the Litigation and PLS'

4  directors' and officers' liability insurance carrier (which was providing all of the cash

5  to settle the Litigation and the Derivative Action) that the Debtor would not agree to

6  perform the settlement(s) as they were structured; claiming, among other things, that

7  the derivative claims were much more valuable than the class claims and that,

8  therefore, the structure of the prior settlements was inadequate with respect to the

9  Company. Counsel to plaintiffs in the Litigation disputed the Debtor's valuation of

10  the derivative claims and asserted that the Company was required to perform the

11  Stipulation(s) of Settlement as a matter of contractual obligation and that, in any

12  event, the Company was not entitled to any of the insurance proceeds because of

13  coverage exclusions contained in the policy.

14      Notwithstanding these contentions, all of the parties recognized that the manner

15  in which the issues described above would be resolved was not free from doubt and

16  that contested proceedings to resolve them presented the certainty of a reduction or

17  exhaustion of the D&O policy proceeds, the only cash available to fund the

18  settlements. Accordingly, after protracted negotiations which included face to face

19  meetings, numerous telephone conferences and the exchange of written settlement

20  proposals, the terms of a revised settlement embodied in the Stipulation were reached.

21

22  **V.   CLAIMS OF THE REPRESENTATIVE PLAINTIFFS AND
        BENEFITS OF SETTLEMENT**

23
        The Representative Plaintiffs believe the claims asserted in the Litigation have

24  merit and that the evidence developed to date supports the claims asserted. However,

25  counsel for the Representative Plaintiffs recognize and acknowledge the uncertainty

26  of prevailing on their claims due to the defenses that have been or could be asserted

27  by Defendants as well as the effect of PLS' bankruptcy proceedings on the Litigation.

28  These include, among other things, whether Defendants ever issued any false or

1 misleading statements; whether any statements, if false or misleading, were material;
2 whether any Defendant acted with scienter; and whether the Representative Plaintiffs
3 or any Settlement Class Member suffered any damage as a result of any alleged action
4 or statement by any of the Defendants.    Further considerations supporting the
5 decision to enter into the settlement described herein were the expense and length of
6 the proceedings necessary to prosecute the Litigation against Defendants through trial
7 and through appeals, the limited funds available to resolve the Litigation, and the
8 Defendants' inability to respond in damages in any meaningful way absent the
9 availability of the D&O insurance proceeds.    Based on these considerations, among
10 others, counsel for the Representative Plaintiffs believe that the settlement set forth
11 in the Stipulation confers substantial benefits upon the Representative Plaintiffs and
12 the Settlement Class and is in the best interests of the Representative Plaintiffs and
13 Members of the Settlement Class.

14

15 **VI.    DEFENDANTS' STATEMENT AND DENIALS OF**
   **WRONGDOING AND LIABILITY**
16

17    Defendants have denied and continue to deny each and all of the claims and

18 contentions alleged by the Representative Plaintiffs in the Litigation.  Defendants also

19 have denied and continue to deny, *inter alia*, the allegations that the Representative

20 Plaintiffs and other Members of the Settlement Class have suffered any damages.

21 Defendants expressly denied and continue to deny all charges of wrongdoing or

22 liability against them arising out of any of the conduct, statements, acts or omissions

23 alleged, or that could have been alleged, in the Litigation.  The Defendants also have

24 denied and continue to deny, *inter alia*, the allegations that the Representative

25 Plaintiffs or the class have suffered damage, that the price of PLS securities was

26 artificially inflated by reason of alleged misrepresentation, non-disclosure or

27 otherwise, or that the Representative Plaintiffs or any member of the class were

28 harmed by the conduct alleged by the Representative Plaintiffs.

18

1    Nonetheless, Defendants have concluded that further conduct of the Litigation
2    would be protracted and expensive, and that it is desirable that the Litigation be fully
3    and finally settled in the manner and upon the terms and conditions set forth in the
4    Stipulation. Defendants have, therefore, determined that it is desirable and beneficial
5    to them that the Litigation be settled in the manner and upon the terms and conditions
6    set forth in the Stipulation.

7

8    **VII.   TERMS OF THE PROPOSED SETTLEMENT**

9    The Defendants have caused to be paid into an escrow account, pursuant to the
10   terms of the Stipulation of Settlement dated as of May 30, 2001 (the "Stipulation"),
11   cash in the amount of approximately $2.7 million and have agreed to contribute 3.0
12   million shares of PLS common stock (the "Settlement Fund"). The shares will only
13   be issued if there is to be a distribution of cash to Class 6 creditors (identical to the
14   class herein) in connection with PLS' Bankruptcy Plan of Liquidation. If there is such
15   a cash distribution from PLS' estate, the effect of the contribution of these shares
16   would be to increase the amount of cash the class would otherwise receive from the
17   PLS Bankruptcy estate. A portion of the settlement proceeds will be used for certain
18   administrative expenses, including costs of printing and mailing this Notice, payment
19   of any taxes assessed against the Settlement Fund and costs associated with the
20   processing of claims submitted. In addition, as explained below, a portion of the
21   Settlement Fund may be awarded by the Court to counsel for Representative Plaintiffs
22   as attorneys' fees and for reimbursement of out-of-pocket expenses. The balance of
23   the Settlement Fund (the "Net Settlement Fund") will be distributed according to the
24   Plan of Allocation described below to Settlement Class Members who have submitted
25   valid and timely Proof of Claim forms. Regardless of whether there is a distribution
26   from the PLS Bankruptcy Estate, Settlement Class Members will receive their pro rata
27   portion of $2.7 million after deduction of the fees and expenses described above.

28

19

## VIII.  PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Settlement Class Members who have already submitted valid, timely Proof of Claim forms ("Authorized Claimants") under the Plan of Allocation.  This Plan has already been approved by the Court in connection with the prior settlement and is repeated here for informational purposes only.  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have a net loss on all transactions in PLS securities during the Settlement Class Period.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A claim will be calculated as follows:

### COMMON STOCK

For shares of Premier Laser Systems, Inc. common stock that were **purchased or otherwise acquired on May 5, 1997 through May 26, 1998**, and

(a)  sold from May 5, 1997 through May 26, 1998, the claim per share is the difference between the price paid less the amount realized from the sale of any such shares; or

(b)  retained at the end of May 26, 1998, the claim per share is the difference between the price paid less $4.125 per share (May 26, 1998 closing price).

### OPTIONS

For Options of Premier Laser Systems, Inc. that **were purchased or otherwise acquired on May 5, 1997 through May 26, 1998**, and

1        (a)    expired/disposed of prior to May 27, 1998, and or retained at the

2  end of May 26, 1998, the claim per Option is the difference between the price paid

3  for the Option less any value received upon disposition;

4        (b)    total recovery for Options shall not exceed 5% of the Settlement

5  Fund.

6  **WARRANTS**

7     1.    For Premier Laser Systems, Inc. Class A Warrants that **were purchased**

8  **or otherwise acquired on May 5, 1997 through May 26, 1998**, and

9        (a)    sold from May 5, 1997 through May 26, 1998, the claim per Class

10  A Warrant is the difference between the price paid less the amount realized from the

11  sale of any such warrants;

12        (b)    converted into the common stock and Class B Warrants of Premier

13  Laser Systems, Inc. from May 5, 1997 through May 26, 1998, and retained such

14  shares/warrants on May 26, 1998, the claim per warrant is the difference between the

15  price paid for the warrant plus the exercise price paid less $4.875 per warrant (May

16  26, 1998 closing price: $4.125 per common share + $0.75 per Class B Warrant);

17        (c)    converted into the common stock and Class B Warrants of Premier

18  Laser Systems, Inc. from May 5, 1997 through May 26, 1998, and sold such

19  shares/warrants prior to May 27, 1998, the claim per warrant is the difference

20  between the price paid for the warrant plus the exercise price paid less the amount

21  realized from the sale of the common stock and/or warrants; or

22        (d)    not converted, the claim per warrant is the difference between the

23  price paid less $0.05 ($0.05 price paid by Premier Laser Systems, Inc. for all Class

24  A Warrants not exercised prior to redemption date of January 6, 1998).  Note: On

25  January 5, 1998 99% of the Class A Warrants were exercised during the call period.

26     2.    For Premier Laser Systems, Inc. Class B Warrants that **were purchased**

27  **or otherwise acquired on May 5, 1997 through May 26, 1998**, and

28

1            (a)    sold from May 5, 1997 through May 26, 1998, the claim per

2  warrant is the difference between the price paid less the amount realized from the sale

3  of any such warrants;

4            (b)    converted into the common stock of Premier Laser Systems, Inc.

5  from May 5, 1997 through May 26, 1998, and retained such shares on May 26, 1998,

6  the claim per warrant is the difference between the price paid for the warrant plus the

7  exercise price paid less $4.125 per share (May 26, 1998 closing price);

8            (c)    converted into the common stock of Premier Laser Systems, Inc.

9  from May 5, 1997 through May 26, 1998, and sold such shares prior to May 27, 1998,

10  the claim per warrant is the difference between the price paid for the warrant plus the

11  exercise price less the amount realized from the sale of the common stock; or

12            (d)    retained at the end of May 26, 1998, the claim per warrant is the

13  difference between the price paid less $0.75 (May 26, 1998 closing price).

14                         **IPO UNITS (ISSUED 12/94)**

15               Each IPO Unit consisted of 1 Common Share,

16                 1 Class A Warrant and 1 Class B Warrant

17        For Premier Laser Systems, Inc. IPO Units that were **purchased or otherwise**

18  **acquired on May 5, 1997 through May 26, 1998**, and

19            (a)    sold from May 5, 1997 through May 26, 1998, the claim per IPO

20  Unit is the difference between the price paid less the amount realized from the sale

21  of any such units;

22            (b)    disposed of through a partial sale (*i.e.*,retained common shares but

23  sold the warrants) or converted the warrants, the claim per IPO Unit is the difference

24  between the price paid for the IPO Unit less the total consideration received at the

25  time of exercise and/or sale of the underlying securities of the IPO Unit; or

26            (c)    retained at the end of May 26, 1998, the claim per IPO Unit is the

27  difference between the price paid less $4.925 per unit ($4.125 per common share +

28  $0.05 per Class A Warrant + $0.75 per Class B Warrant).

22

**UNITS (Issued 10/96)**

Each Unit consisted of 190 Common Shares

and 95 Class B Warrants

For Premier Laser Systems, Inc. Units that were **purchased or otherwise acquired on May 5, 1997 through May 26, 1998**, and

     (a)    sold from May 5, 1997 through May 26, 1998, the claim per Unit is the difference between the price paid less the amount realized from the sale of any such units;

     (b)    disposed of through a partial sale (*i.e.*, retained common shares but sold the warrants) or converted the warrants, the claim per Unit is the difference between the price paid for the Unit less the total consideration received at the time of exercise and/or sale of the underlying securities of the Unit; or

     (c)    retained at the end of May 26, 1998, the claim per Unit is the difference between the price paid less $855.00 per Unit ($855.00 per Unit = (190 common shares at $4.125) + (95 Class B warrants at $0.750)).

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date. The determination of the purchase price paid and the sales price received, shall be exclusive of all commissions, taxes, fees and charges.

For Settlement Class Members who made multiple purchases or multiple sales during the Settlement Class Period, the earliest subsequent sale shall be matched with the earliest purchase and chronologically thereafter for purposes of the claim calculations.

All profits shall be subtracted from the total of all losses to determine if a Settlement Class Member has a claim. Only if a Settlement Class Member had a net loss, after profits from all transactions in PLS securities during the Settlement Class Period are subtracted from the total of losses, will such class member be eligible to receive a distribution from the Net Settlement Fund.

2 3

1    The Court has reserved jurisdiction to allow, disallow or adjust the claim of any

2  Settlement Class Member on equitable grounds.

3

4  **IX.   ORDER CERTIFYING A CLASS FOR PURPOSES OF SETTLEMENT**

5

6    On December 17, 1999, and _____, 2002, the Court certified a class, for

7  settlement purposes only.  The Settlement Class is defined above.

8

9  **X.    PARTICIPATION IN THE CLASS**

10    If you have received this Notice, you have already elected to participate in the

11  class and have filed a valid Proof of Claim form.  You will be bound by any judgment

12  entered in the Litigation and you will share in the Settlement Fund.  You need do

13  nothing further in this regard.   If you choose, you may enter an appearance

14  individually or through your own counsel at your own expense.

15

16  **XI.   EXCLUSION FROM THE CLASS**

17    You may request to be excluded from the Settlement Class.  To do so, you must

18  mail a written request to:

19         PLS Securities Litigation
         c/o Claims Administrator
20         Heffler, Radetich & Saitta L.L.P.
         P.O. Box 840
21         Philadelphia, PA  19105-8040

22    The request for exclusion must state: (1) your name, address, and telephone

23  number; (2) all purchases and sales of PLS securities made during the Settlement

24  Class Period, including the dates, the number of shares, warrants or options, and price

25  paid or received per share, warrant or option, for each such purchase or sale; and

26  (3) that you wish to be excluded from the Settlement Class.  TO BE VALID, A

27  REQUEST FOR EXCLUSION MUST STATE ALL OF THE FOREGOING

28  INFORMATION. YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON

OR BEFORE _____, 2002.  If you submit a valid and timely request for

- 17 -                                                              2 4

1  exclusion, you shall have no rights under the settlement, shall not share in the
2  distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or
3  the Final Judgment.

4

5  **XII.  DISMISSAL AND RELEASES**

6       If the proposed settlement is approved, the Federal Court will enter a Final
7  Judgment and Order of Dismissal ("Judgment").  The Judgment will dismiss the
8  Released Claims and the Litigation with prejudice as to all Defendants.

9       The Judgment will provide that all Settlement Class Members shall be deemed
10  to have released and forever discharged all Released Claims (to the extent members
11  of the Settlement Class have such claims) against all Released Persons.

12

13  **XIII.  APPLICATION FOR FEES, EXPENSES AND AWARDS**

14       At the Settlement Hearing, counsel for plaintiffs will request the Court to
15  award attorneys' fees of 25% of the Settlement Fund plus reimbursement of expenses,
16  not to exceed $285,000.00, which were advanced in connection with the Litigation,
17  including expenses incurred for experts.  Settlement Class Members are not
18  personally liable for any fees and expenses.

19       To date, plaintiffs' counsel have not received any payment for their services in
20  conducting this Litigation on behalf of plaintiffs and the members of the class, nor
21  have counsel been reimbursed for their out-of-pocket expenses.  The fee requested
22  by plaintiffs' counsel would compensate counsel for their efforts in achieving the
23  Settlement Fund for the benefit of the class, and for their risk in undertaking this
24  representation on a contingency basis.  If approved by the Court, the fee requested
25  would be within the range of fees awarded to plaintiffs' counsel under similar
26  circumstances in litigation of this type.

27

28

**2 5**

## XIV.  CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events.  Those events include, among other things: (1) approval of this settlement by the Bankruptcy Court (which approval has already occurred); (2) entry of the Judgment by the Court, as provided for in the Stipulation; (3) expiration of the time to appeal from or alter or amend the Judgment; and (4) the dismissal of the State Class Actions and the Derivative Action.  If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of May 29, 2001, the date before an agreement in principle to settle the Litigation was reached.

## XV.   THE RIGHT TO BE HEARD AT THE HEARING

Any Settlement Class Member who has not previously validly and timely requested to be excluded from the Settlement Class, and who objects to any aspect of the settlement, or the application for attorneys' fees, costs and expenses, may appear and be heard at the Settlement Hearing.  Any such Person must submit a written notice of objection, such that it is received on or before _____, 2002, to each of the following:

> Clerk of the Court
> United States District Court
> Central District of California
> Southern Division
> Ronald Reagan Federal Building and
> United States Courthouse
> 411 West Fourth Street
> Santa Ana, CA  92701
>
> Plaintiffs' Settlement Counsel:
>
> MILBERG WEISS BERSHAD
>  HYNES & LERACH LLP
> KEITH F. PARK
> 401 B Street, Suite 1700
> San Diego, CA  92101

26

1

BARRACK, RODOS & BACINE
STEPHEN R. BASSER

2

402 West Broadway, Suite 850
San Diego, CA 92101

3

4

SCHIFFRIN & BARROWAY, LLP
RICHARD S. SCHIFFRIN
Three Bala Plaza East

5

Suite 400
Bala Cynwyd, PA 19004

6

7

Defendants' Counsel:

8

COOLEY GODWARD, LLP
WILLIAM S. FREEMAN

9

Five Palo Alto Square, 4th Floor
3000 El Camino Real

10

Palo Alto, CA 94306-2155

11

HEWITT & O'NEILL
LAWRENCE J. HILTON

12

19900 MacArthur Blvd.
Suite 1050

13

Irvine, CA 92612

14   The notice of objection must demonstrate the objecting Person's membership in the

15   Settlement Class, and contain a statement of the reasons for objection.   Only

16   Members of the Settlement Class who have submitted written notices of objection in

17   this manner will be entitled to be heard at the Settlement Hearing, unless the Court

18   orders otherwise.

19

20   **XVI. EXAMINATION OF PAPERS**

21        This Notice is a summary and does not describe all of the details of the

22   Stipulation.  For full details of the matters discussed in this Notice, you may desire

23   to review the Stipulation filed with the Court, which may be inspected during

24   business hours, at the office of the Clerk of the Court, Ronald Reagan Federal

25   Building and United States Courthouse, 411 West Fourth Street, Santa Ana,

26   California 92701.

27        If you have any questions about the settlement of the Litigation, you may

28   contact Plaintiffs' Settlement Counsel by writing:

27

1                              MILBERG WEISS BERSHAD

                                HYNES & LERACH LLP

2                              KEITH F. PARK

                              401 B Street, Suite 1700

3                              San Diego, CA  92101

4                              BARRACK, RODOS & BACINE

                              STEPHEN R. BASSER

5                              402 West Broadway, Suite 850

                              San Diego, CA  92101

6

                              SCHIFFRIN & BARROWAY, LLP

7                              RICHARD S. SCHIFFRIN

                              Three Bala Plaza East

8                              Suite 400

                              Bala Cynwyd, PA  19004

9

         **DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

10

11

12   DATED: _____          BY ORDER OF THE UNITED STATES

                              DISTRICT COURT FOR THE CENTRAL

13                              DISTRICT OF CALIFORNIA,

                              SOUTHERN DIVISION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   N:\CASES\PREMIER.SET\DLM84503.a-1

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 401 B Street, Suite 1700, San Diego, California 92101.

2.     That on January 30, 2002, declarant served the [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND APPROVING FORM AND MANNER OF NOTICE by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.     That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of January, 2002, at San Diego, California.

DANELLE L. McNERTNEY

29

PREMIER LASER (FEDERAL)
Service List - 01/30/02
Page   1


COUNSEL FOR PLAINTIFF(S)

Kevin J. Yourman
James E. Tullman
WEISS & YOURMAN
10940 Wilshire Blvd., 24th Floor
Los Angeles, CA  90024
  310/208-2800
  310/209-2348 (fax)

Richard S. Schiffrin
SCHIFFRIN & BARROWAY, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
  610/667-7706
  610/667-7056 (fax)


Robert J. Dyer III
DYER & SHUMAN, LLP
801 East 17th Avenue
Denver, CO  80218-1417
  303/861-3003
  303/830-6920 (fax)

Steven E. Cauley
CAULEY, GELLER, BOWMAN &
  COATES, LLP
P.O. Box 25438
Little Rock, AR  72221-5438
  501/312-8500
  501/312-8505 (fax)

Joseph J. Tabacco, Jr.
Jennifer S. Abrams
BERMAN DEVALERIO PEASE TABACCO
  BURT & PUCILLO
425 California St., Suite 2025
San Francisco, CA  94104-2205
  415/433-3200
  415/433-6382 (fax)

Steven J. Toll
Matthew J. Ide
Krisopher A. Kinkade
COHEN, MILSTEIN, HAUSFELD &
  TOLL, P.L.L.C.
999 Third Avenue, Suite 3600
Seattle, WA  98104
  206/521-0080
  206/521-0166 (fax)

Marvin A. Miller
Bryan L. Clobes
MILLER FAUCHER AND CAFFERTY LLP
30 South 15th Street, Suite 2500
Philadelphia, PA  19102
  215/864-2800
  215/864-2810 (fax)

Alfred G. Yates, Jr.
LAW OFFICES OF ALFRED G.
  YATES, JR.
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219
  412/391-5164
  412/471-1033 (fax)

Richard J. Vita
LAW OFFICES OF RICHARD J. VITA
77 Franklin Street, 3rd Floor
Boston, MA  02110
  617/426-6566
  617/451-2525 (fax)

Harold B. Obstfeld
HAROLD B. OBSTFELD, P.C.
260 Madison Avenue, 19th Floor
New York, NY  10016
  212/696-1212
  212/679-8998 (fax)


Michael D. Braun
STULL, STULL & BRODY
10940 Wilshire Blvd., Suite 2300
Los Angeles, CA  90024
  310/209-2468
  310/209-2087 (fax)


Leo W. Desmond
LAW OFFICES OF LEO W. DESMOND
2161 Palm Beach Lake Blvd.
Suite 204
West Palm Beach, FL  33409
  561/712-8000
  561/712-8002 (fax)

PREMIER LASER (FEDERAL)
Service List - 01/30/02
Page   2


COUNSEL FOR PLAINTIFF(S)

David R. Scott
Neil Rothstein
SCOTT & SCOTT, LLC
108 Norwich Avenue
Colchester, CT  06415
  860/537-3818
  860/537-4432 (fax)

Edward Korsinsky
BEATIE AND OSBORN LLP
521 Fifth Avenue, 34th Floor
New York, NY  10175
  212/888-9000
  212/888-9664 (fax)


Stephen R. Basser
Matthew P. Montgomery
BARRACK, RODOS & BACINE
402 West Broadway, Suite 850
San Diego, CA  92101
  619/230-0800
  619/230-1874 (fax)


Jules Brody
Michael Swick
STULL, STULL & BRODY
6 East 45th Street, 4th Floor
New York, NY  10017
  212/687-7230
  212/490-2022 (fax)

Francis J. Balint, Jr.
BONNETT, FAIRBOURN, FRIEDMAN &
  BALINT, P.C.
2901 N. Central Avenue
Suite 1000
Phoenix, AZ  85012
  602/274-1100
  602/274-1199 (fax)

Bruce G. Murphy
LAW OFFICES OF BRUCE G. MURPHY
265 Llwyds Lane
Vero Beach, FL  32963
  561/231-4202
  561/231-4042 (fax)

Arthur Brown
LEVINE, STALLER, SKLAR, CHAN,
  BRODSKY & DONNELLY, P.A.
3030 Atlantic Avenue
Atlantic City, NJ  08401
  609/348-1300
  609/345-2473 (fax)

William S. Lerach
Alan Schulman
Edward P. Dietrich
MILBERG WEISS BERSHAD HYNES &
  LERACH LLP
401 B Street, Suite 1700
San Diego, CA  92101-5050
  619/231-1058
  619/231-7423 (fax)

Jill S. Abrams
Joshua M. Lifshitz
ABBEY GARDY, LLP
212 East 39th Street
New York, NY  10016
  212/889-3700
  212/684-5191 (fax)

Norman Berman
BERMAN DEVALERIO PEASE TABACCO
  BURT & PUCILLO
One Liberty Square
Boston, MA  02109
  617/542-8300
  617/542-1194 (fax)

31

PREMIER LASER (FEDERAL)
Service List - 01/30/02
Page   3


COUNSEL FOR PLAINTIFF(S)

Stanley M. Grossman
Patrick V. Dahlstrom
POMERANTZ HAUDEK BLOCK
   GROSSMAN & GROSS LLP
100 Park Avenue, 26th Floor
New York, NY  10017-5516
   212/661-1100
   212/661-8665 (fax)

Stuart D. Wechsler
WECHSLER HARWOOD HALEBIAN &
   FEFFER LLP
488 Madison Avenue, 8th Floor
New York, NY  10022
   212/935-7400
   212/753-3630 (fax)

Venus Soltan
SOLTAN & ASSOCIATES
555 Anton Blvd., Suite 1200
Costa Mesa, CA  92626
   714/434-7900
   714/434-7902 (fax)


Joesph H. Weiss
WEISS & YOURMAN
551 Fifth Avenue, Suite 1600
New York, NY  10176
   212/682-3025
   212/682-3010 (fax)


Nadeem Faruqi
FARUQI & FARUQI, LLP
320 East 39th Street, 3rd Floor
New York, NY  10016
   212/983-9330
   212/983-9331 (fax)


I. Stephen Rabin
Brian Murray
Jacqueline Sailer
RABIN & PECKEL, LLP
275 Madison Avenue
New York, NY  10016
   212/682-1818
   212/682-1892 (fax)

Robert M. Roseman
SPECTOR, ROSEMAN & KODROFF,
   P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
   215/496-0300
   215/496-6611 (fax)

Sherrie R. Savett
Jacob A. Goldberg
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
   215/875-3000
   215/875-3053 (fax)

Marian P. Rosner
Paul O. Paradis
WOLF POPPER LLP
845 Third Avenue
New York, NY  10022
   212/759-4600
   212/486-2093 (fax)

Richard A. Speirs
ZWERLING, SCHACHTER &
   ZWERLING, LLP
767 Third Avenue
New York, NY  10017-2023
   212/223-3900
   212/371-5969 (fax)

Brian Barry
LAW OFFICES OF BRIAN BARRY
8424-A Santa Monica Blvd.
Suite 184
Los Angeles, CA  90069
   323/954-7210
   323/954-7235 (fax)

Lionel Z. Glancy
GLANCY & BINKOW LLP
1801 Avenue of the Stars
Suite 311
Los Angeles, CA  90067
   310/201-9150
   310/201-9160 (fax)

PREMIER LASER (FEDERAL)
Service List - 01/30/02
Page   4


COUNSEL FOR PLAINTIFF(S)

Jeffrey R. Krinsk
FINKELSTEIN & KRINSK
501 West Broadway, Suite 1250
San Diego, CA  92101
   619/238-1333
   619/238-5425  (fax)



COUNSEL FOR DEFENDANTS

* William S. Freeman
  David Lisi
  Sarah G. Rogers
  COOLEY GODWARD, LLP
  Five Palo Alto Square
  3000 El Camino Real, 4th Floor
  Palo Alto, CA  94306-2155
     650/494-7622
     650/857-0663  (fax)

* Lawrence J. Hilton, Esq.
  HEWITT & O'NEILL
  19900 MacArthur Blvd., Suite 1050
  Irvine, CA  92612


* Denotes service via U.P.S. Next Day Air

33